IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MATTHEW ZMUDA, | ) ) | Cr. No. 13-00246 HG-01 |
| | ) | Cv. No. 16-00556 HG-KSC |
| Petitioner, | ) ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| | ) | |
| Respondent. | ) ) | |
| | ) | |

**ORDER DENYING PETITIONER'S 28 U.S.C. § 2255 MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE (ECF NO. 145)
and
DENYING A CERTIFICATE OF APPEALABILITY**

On January 10, 2014, after a five-day trial, Petitioner
was found guilty of the three counts in the Superseding
Indictment charging: (1) a conspiracy to possess with intent
to distribute methamphetamine; (2) a conspiracy to possess
with intent to distribute heroin; and, (3) attempting to
possess with intent to distribute methamphetamine.

On October 11, 2016, Petitioner filed a Motion entitled,
"Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or
Correct Sentence By A Person In Federal Custody." (ECF No.
145). Petitioner challenges his conviction on the basis of
ineffective assistance of counsel.

1

Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 145) is **DENIED**.

A Certificate of Appealability is **DENIED.**

## PROCEDURAL HISTORY

On March 20, 2013, a grand jury returned an Indictment, charging Petitioner Matthew Zmuda with one count of conspiracy to distribute fifty grams or more of methamphetamine and one count of attempting to possess with the intent to distribute fifty grams or more of methamphetamine. (ECF No. 1).

On May 21, 2013, Petitioner made his initial appearance before a Magistrate Judge. Attorney Alvin K. Nishimura was appointed as counsel to represent the Petitioner. (ECF No. 14).

On September 19, 2013, Attorney Nimishmura made an Oral Motion to Withdraw as Counsel based on a breakdown in communication. (ECF No. 24). The Motion to Withdraw was granted by the Magistrate Judge. (Id.)

On September 20, 2013, Attorney Megan Kau was appointed as counsel to represent Petitioner. (ECF No. 29).

On September 21, 2013, Attorney Kau filed a MOTION TO CONTINUE TRIAL. (ECF No. 27).

On September 26, 2013, the Court held a hearing and granted Petitioner's Motion to Continue. (ECF No. 30).

On October 30, 2013, the Government filed UNITED STATES' MOTION TO CONTINUE TRIAL AND TO EXCLUDE TIME. (ECF No. 32).

On October 31, 2013, the Court held a hearing and granted the Government's Motion to Continue Trial. (ECF No. 34).

On November 20, 2013, the Government provided documents to the Court for in camera review. (ECF Nos. 36, 37).

On November 26, 2013, a grand jury returned a Superseding Indictment. (ECF No. 38). The Superseding Indictment expanded the length of the conspiracy charged in Count 1 and added further detail to the overt acts. An additional count was added charging conspiracy to possess with intent to distribute heroin. The Counts charged:

**Count 1:** knowingly and intentionally conspiring with others to possess with intent to distribute fifty (50) grams or more or methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A);

**Count 2:** knowingly and intentionally conspiring with others to distribute and possess with intent to distribute some quantity of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C);

**Count 3:** knowingly and intentionally attempting to possess with intent to distribute fifty (50) grams or more of methamphetamine.

(ECF No. 38).

On December 3, 2013, the Court issued an ORDER REGARDING GOVERNMENT'S EX PARTE IN CAMERA DISCLOSURES. (ECF No. 44).

On December 6, 2013, the Government filed THE GOVERNMENT'S MOTION IN LIMINE REGARDING TASK FORCE OFFICER THAYNE COSTA. (ECF No. 47).

On December 9, 2013, a Final Pretrial Conference was held before the Magistrate Judge. (ECF No. 49).

On December 10, 2013, the Government filed its Witness List, Exhibit List, Proposed Voir Dire, and Statement of the Case. (ECF Nos. 51, 56, 57, 54).

On the same date, Attorney Kau, on behalf of Petitioner, filed Defendant's Witness List and Proposed Voir Dire. (ECF Nos. 52, 53).

Also on December 10, 2013, the Parties filed their Joint Jury Instructions. (ECF No. 55).

On December 11, 2013, the Government filed a Notice of 404(b) Evidence. (ECF No. 59).

On December 12, 2013, the Government filed SPECIAL INFORMATION AS TO PRIOR DRUG CONVICTION PURSUANT TO 21 U.S.C. § 851. (ECF No. 60).

On December 13, 2013, Attorney Kau, on behalf of Petitioner, filed an EX PARTE MOTION FOR APPLICATION FOR WRIT

OF HABEAS CORPUS AD TESTIFICANDUM to produce Deborah Zmuda as a witness for trial. (ECF No. 61).

On December 16, 2013, Petitioner's EX PARTE MOTION FOR APPLICATION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM was granted and the writ was issued. (ECF Nos. 64, 65).

On December 17, 2013, the Government filed SUPPLEMENTAL NOTICE OF INTENT TO OFFER SIMILAR ACTS EVIDENCE PURSUANT TO RULE 404(b). (ECF No. 66).

Also on December 17, 2013, the Court held its FINAL PRETRIAL CONFERENCE. (ECF No. 67).

On December 18, 2013, the Court issued a Minute Order Granting the Government's Motion in Limine Regarding Task Force Officer Thayne Costa. (ECF No. 68).

Also on December 18, 2013, Attorney Kau, on behalf of Petitioner, filed DEFENDANT'S MOTION IN LIMINE. (ECF No. 69).

On December 20, 2013, Attorney Kau, on behalf of Petitioner, filed DEFENDANT'S OBJECTIONS TO GOVERNMENT'S EXHIBIT LIST. (ECF No. 72).

On December 27, 2013, the Government filed GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE. (ECF No. 75).

On December 30, 2013, the Government filed GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO GOVERNMENT'S EXHIBIT LIST. (ECF No. 76).

On December 31, 2013, the Court held a Continued Final
Pretrial Conference. (ECF No. 80).

On January 1, 2014, Attorney Kau, on behalf of
Petitioner, filed DEFENDANT'S MOTION IN LIMINE No. 2. (ECF
No. 77).

On January 2, 2014, the Government filed GOVERNMENT'S
RESPONSE TO DEFENDANT'S MOTION IN LIMINE 2. (ECF No. 78).

On the same date, the Government filed NOTICE REGARDING
SUBMISSION OF GIGLIO DOCUMENTS AND PRIOR CONVICTION DOCUMENTS.
(ECF No. 79).

On January 3, 2014, Attorney Kau, on behalf of
Petitioner, filed DEFENDANT'S OBJECTIONS TO THIRD AMENDED
JUDGMENT OF CONVICTION IN CR. NO. 10-1-0223. (ECF No. 81).

Also on January 3, 2014, the Government filed
GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO THIRD
AMENDED JUDGMENT OF CONVICTION IN CR. NO. 10-1-0223. (ECF No.
82).

On the same date, the Government filed its Amended
Exhibit List and Amended Witness List. (ECF Nos. 83, 84).

On January 6, 2014, Attorney Kau, on behalf of
Petitioner, filed Defendant's Exhibit List. (ECF No. 86).

Also on January 6, 2014, the First Day of Trial was held.
(ECF No. 88). The Court held jury selection and Opening

Statements were made by the Government and the Defendant. (Id.)

On January 7, 2014, the Government filed GOVERNMENT'S OBJECTION TO DEFENDANT'S EXHIBITS. (ECF No. 87).

Also on January 7, 2014, the Second Day of Trial was held. (ECF No. 89).

On January 8, 2014, the Third Day of Trial was held. (ECF No. 90).

On January 9, 2014, the Fourth Day of Trial was held. (ECF No. 91). The Government rested. (Id.) Attorney Kau made an oral motion for judgment of acquittal, which was denied. (Id.) Petitioner testified in his own defense and the Defense rested. (Id.)

On January 10, 2014, the Fifth Day of Trial was held. (ECF No. 93). Attorney Kau made an oral motion for a mistrial, which was denied. (Id.) The Court instructed the jurors. (ECF No. 92). The Parties made closing arguments. (ECF No. 93). The case was submitted to the jury. (Id.)

On the same date, the jury returned its verdict. (ECF No. 95). Petitioner was found guilty of all three counts in the Superseding Indictment. (Id.)

On April 3, 2014, Attorney Kau filed DEFENDANT'S OBJECTION TO SPECIAL INFORMATION AS TO DRUG CONVICTION PURSUANT TO 21 U.S.C. § 851. (ECF No. 106).

On May 6, 2017, Attorney Kau filed a Motion to Withdraw as Attorney following sentencing, so as not to be Petitioner's attorney for appeal. (ECF No. 111).

On May 28, 2014, the Court held an evidentiary hearing as to Petitioner's Objection to the Special Information. (ECF No. 116).

On June 18, 2014, the Government filed GOVERNMENT'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S OBJECTION TO SPECIAL INFORMATION REGARDING 21 U.S.C. § 851. (ECF No. 117).

On July 2, 2014, Attorney Kau filed DEFENDANT'S REPLY TO GOVERNMENT'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S OBJECTION TO SPECIAL INFORMATION REGARDING 21 U.S.C. § 851 ENHANCEMENT. (ECF No. 118).

On July 9, 2014, the Court held a sentencing hearing. (ECF No. 119). The Court sustained Petitioner's Objection to Special Information Regarding 21 U.S.C. § 851 Enhancement. (Id.) The Court agreed with Attorney Kau that Petitioner's 2010 Hawaii state court conviction for "unlawful use of drug paraphernalia" did not qualify as a prior felony drug offense for purposes of sentence enhancement. The Court found that

Petitioner was not subject to a mandatory minimum sentence of 20 years pursuant to 21 U.S.C. § 851. (Id.)

Petitioner was sentenced to a term of imprisonment of 150 months as to each of Counts 1 through 3, to be served concurrently. (Id.)

Attorney Kau's Motion to Withdraw as Attorney for appellate purposes was granted. (Id.)

On July 9, 2014, Judgment was entered. (ECF No. 120).

On July 15, 2014, Petitioner filed a Notice of Appeal to the Ninth Circuit Court of Appeals. (ECF No. 121).

On October 20, 2015, the Ninth Circuit Court of Appeals affirmed Petitioner's conviction on direct appeal. (ECF No. 143).

On October 11, 2016, Petitioner filed MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY. (ECF No. 145).

On October 14, 2016, the Court issued a briefing schedule. (ECF No. 147).

On October 20, 2016, the Government filed a Motion for Order Finding Limited Waiver of Attorney-Client Privilege. (ECF No. 148).

On October 21, 2016, the Court issued an ORDER FINDING WAIVER OF ATTORNEY-CLIENT PRIVILEGE. (ECF No. 149).

On December 7, 2016, the Government filed a MOTION FOR
EXTENSION OF TIME, which was granted.  (ECF Nos. 150, 151).

On January 24, 2017, the Government filed a MOTION FOR
SECOND EXTENSION OF TIME, which was granted.  (ECF Nos. 152,
153).

On March 7, 2017, the Government filed GOVERNMENT'S
RESPONSE TO PETITIONER'S SECTION 2255 MOTION TO VACATE, SET
ASIDE, OR CORRECT SENTENCE.  (ECF No. 154).

On April 7, 2017, Petitioner filed PETITIONER'S RESPONSE
TO GOVERNMENT'S RESPONSE TO PETITIONER'S SECTION 2255 MOTION
TO VACATE, SET ASIDE, OR CORRECT SENTENCE.  (ECF No. 155).

On May 4, 2017, Petitioner filed an Amendment to
PETITIONER'S RESPONSE TO GOVERNMENT'S RESPONSE TO PETITIONER'S
SECTION 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE.
(ECF No. 156).

On May 22, 2017, Petitioner filed DECLARATION OF MATTHEW
ZMUDA.  (ECF No. 157).

## ANALYSIS

Petitioner Matthew Zmuda filed a Section 2255 Motion
seeking post-conviction relief.  Petitioner claims he received
ineffective assistance of counsel from his court-appointed
attorney, Megan Kau.

## I. Ineffective Assistance of Counsel Claims Are Governed By The Test Set Forth in <u>Strickland v. Washington</u>

An ineffective assistance of counsel claim requires a petitioner to demonstrate two things:

(1)   Counsel's representation fell below an objective standard of reasonableness; and,

(2)   Petitioner was prejudiced because there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

<u>Strickland v. Washington</u>, 466 U.S. 668, 694 (1984).

To demonstrate that defense counsel's performance fell below an objective standard of reasonableness, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable or professional judgment.  <u>Strickland</u>, 466 U.S. at 690.  The Court must determine whether in light of all the circumstances, the identified acts or omissions were outside the range of professionally competent assistance.  <u>Id.</u>  A petitioner must overcome the strong presumption that a defense counsel rendered adequate assistance.  <u>Id.</u> at 689.

A Section 2255 Motion based on ineffective assistance of counsel fails unless the petitioner shows that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different.  Id. at 694.  A reasonable probability is a

probability sufficient to undermine confidence in the outcome

and the fundamental fairness of the result.  Lockhart v.

Fretwell, 506 U.S. 364, 369-70 (1993).

## II.  Petitioner's Ineffective Assistance Of Counsel Claims

The basis for Petitioner's claims is presented in one

paragraph in his 2255 Motion.  The paragraph reads, as

follows:

> Counsels [sic] performance was deficient and fell
> below the objective standard of reasonableness.  Ms.
> Kau failed to represent compently [sic] which
> resulted in prejudice, undermined the confidence of
> the outcome.  Failed to prepare on the law essential
> to defense.  Failed to file proper and timely
> motions.  Failed to demand suppression hearings on
> evidence and voluntariness of statements.
> Unfimiliarity [sic] of rules and procedures of the
> court.  Ms. Kau had never defended a criminal in
> federal court, thus lacking the knowledge and
> experience to properly uphold Sixth Amendment right
> to effective counsel.  Counsel fails to present
> exculpatory evidence, exhibits were denied for lack
> of following rules of evidence. Failed to
> effectively cross-examine witnesses.  Failed to use
> available evidence to impeach credibility of
> government witnesses from Kauai Police Department.
> Counsel gave errouneous [sic] advice on right to
> silence or testify leading to detrimental outcome.
> Counsel failed to raise or vigorously argue motions
> and defense.  Failed to object to prosecutors [sic]
> arguments and or statements.  Failure to
> investigate, locate, interview and call significant
> defense witnesses.  Deborah Zmuda was transported to
> the trial but was not called to testify by counsel.
> Liann Huddy was never contacted or interviewed.
> Both were co-defendants with Antoine Lewis

(governments witness) in the April 2012 conspiracy
case.  Had Liann Huddy and Deborah Zmuda's testimony
been heard by the jury the results would have been
different.  Both are willing to testify if a new
trial is ordered. Ms. Kau delivered an incompetent
closing argument.  Ms. Kau's deficient
representation was so serious that counsel was not
functioning as counsel guaranteed to a defendant by
the Sixth Amendment, depriving accused of both a
fair and reliable result.  Defendents [sic] Sixth
Amendment right to counsel was violated by her
inadequate representation.

(2255 Motion at p. 5, ECF No. 145).

Petitioner Zmuda's filings are construed liberally as he

is proceeding pro se.  <u>Woods v. Carey</u>, 525 F.3d 886, 890 (9th

Cir. 2008).

## III.    Petitioner's Claims Fall Into Three Categories

<u>First</u>, Petitioner argues that Attorney Kau failed to

properly investigate and prepare for trial.  Specifically,

Petitioner claims that Attorney Kau did not file a Motion to

Suppress, failed to thoroughly investigate his case, and did

not interview witnesses prior to trial.

<u>Second</u>, Petitioner argues that Attorney Kau failed to

properly represent him at trial.  Petitioner asserts Attorney

Kau did not properly cross-examine witnesses, move exhibits

into evidence, object to the Government's evidence and

arguments, call witnesses to corroborate his version of the

facts, or present a competent closing argument.

13

Third, Petitioner argues that Attorney Kau did not properly inform him of his right to remain silent and not testify in his own defense.

**1.  Attorney Kau's Pretrial Efforts Did Not Fall Below An Objective Standard Of Reasonableness That Resulted In Prejudice To The Petitioner**

Plaintiff argues that Attorney Kau did not adequately represent him in pretrial proceedings.

A reviewing court is required to make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689.

Reviewing courts must presume the counsel's conduct falls within the wide range of reasonable professional assistance. Id. The presumption of reasonableness means that the court must give the attorney the benefit of the doubt and must also affirmatively entertain the range of possible reasons defense counsel may have had for proceeding as he or she did. Cullen v. Pinholster, 563 U.S. 170, 196 (2011).

## A.   The Record Demonstrates That Attorney Kau Adequately Prepared For Trial

Petitioner presents general arguments that he believes that Attorney Kau did not adequately prepare for trial. Petitioner's general allegations are insufficient.  Conclusory allegations that are not supported by a statement of specific facts do not warrant habeas relief.  James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994).

A defense attorney has a general duty to make a reasonable investigation or to make a reasonable decision that renders particular investigations unnecessary.  Strickland, 466 U.S. at 691; Hinton v. Alabama, 134 S.Ct. 1081, 1088 (2014) (per curiam).  A particular decision not to investigate must be assessed for reasonableness in the totality of the circumstances with particular deference to defense counsel's judgments.  Silva v. Woodford, 279 F.3d 825, 836 (9th Cir. 2002).

Petitioner claims Attorney Kau was inexperienced in trial matters.  Attorney Kau had completed 32 jury trials in the State of Hawaii Courts before representing Petitioner. (Declaration of Megan Kau at ¶ 5, attached as Ex. A to Gov't Opp., ECF No. 154-1).

The record reflects that Attorney Kau adequately investigated and prepared for trial. Attorney Kau reviewed the Government's evidence before trial and timely filed two Motions in Limine to exclude evidence of Petitioner's prior convictions pursuant to Federal Rule of Evidence 404(b). (ECF Nos. 69, 77). Attorney Kau filed written objections to Government Exhibits. (ECF No. 72).

Attorney Kau successfully prevented the introduction of some of the Government's evidence at trial. (See Minute Order from Continued Final Pretrial Conference dated December 31, 2013, ECF No. 80; Minutes dated January 7, 2014, ECF No. 89). The Court sustained Attorney Kau's objection to the admission of the language contained in the search warrants for Petitioner's residence. (Minute Order dated December 31, 2013 at p. 3, ECF No. 80). Attorney Kau also prevented the Government from introducing evidence of Petitioner's 2010 conviction for Terroristic Threatening in the First Degree. (Minutes dated January 7, 2014 at p. 2, ECF No. 89).

There is no basis to find that Attorney Kau failed to properly prepare for trial.

**B.    There Was No Basis For Attorney Kau To File A
         Motion To Suppress**

Petitioner argues that Attorney Kau should have filed a
Motion to Suppress evidence and the voluntariness of his
statements.  Petitioner has not demonstrated that there was a
legal basis for filing a Motion to Suppress.

Attorney Kau is afforded great deference in her
professional judgment not to file a suppression motion.
Courts have found that it may be a sound and reasonable
strategy to avoid raising an issue at a suppression hearing in
order to preserve the impact of witness testimony at trial.
United States v. Birrueta, 609 Fed. Appx. 520, 521 (9th Cir.
2015) (citing United States v. Beltran-Gutierrez, 19 F.3d
1287, 1289-90 (9th Cir. 1994)).

Petitioner has not stated what evidence he believes
should have been suppressed.  Construing his Section 2255
Motion liberally, it appears Petitioner believes that the
evidence of his own confession and agreement to provide
information to the Kauai Police Department should have been
subject to a Motion to Suppress.

On the morning of April 4, 2012, Petitioner was arrested
by Kauai Police Officers after they had executed a search

warrant at his residence. (Presentence Report at ¶¶ 27, 28, ECF No. 125).

At 8:39 a.m. on April 4, 2012, Kauai Police Department Officer Lucas Hamberg provided Petitioner with a detailed written waiver of his constitutional rights. (Written Waiver Signed By Petitioner, attached as Ex. E to Gov't Opp., ECF No. 154-5). The waiver explained that Petitioner had the right to remain silent and informed him that anything he said could be used against him in court. (Id.) The waiver informed Petitioner of his right to have an attorney present before he answered any questions and stated that a lawyer would be provided for him if he could not afford one. (Id.)

The waiver included ten numbered questions that were reviewed with Petitioner. He initialed each question. He responded to each question by checking a "yes" or "no" box.

Petitioner signed the form indicating that he understood his rights and that he wished to waive his right to remain silent and chose to answer the officer's questions. (Id.)

After Petitioner signed the waiver, Petitioner made an oral confession to Kauai Police Officer Darren Rose. Officer Rose typed Petitioner's confession for Petitioner to review. (Written Confession Statement Signed by Petitioner, attached as Ex. F to Gov't Opp., ECF No. 154-6). Petitioner reviewed

the 14 factual statements of his Confession and initialed each item.  The Confession ends with the following paragraph:

> I HAVE READ MY TYPED STATEMENT PREPARED BY OFFICER <u>DARREN ROSE</u> AS I HAVE DICTATED TO HIM.  I FOUND MY STATEMENT TO BE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.  I HAVE INITIALLED ALL CORRECTIONS, IF ANY.  I HAVE NOT BEEN COERCED IN ANY MANNER AND NO PROMISES, THREATS, OR REWARDS HAVE BEEN MADE TO ME FOR MY STATEMENT.  MY STATEMENT WS GIVEN FREELY AND VOLUNTARILY.

(<u>Id.</u> at p. 1).  Petitioner signed the Written Confession below the paragraph at 10:14 a.m. on April 4, 2012.  (<u>Id</u>. at p. 2).  The Written Confession Statement provided that Petitioner had a backpack on his person when he was arrested that contained an "8 ball of crystal methamphetamine, scale and pipe."  (<u>Id.</u> at ¶¶ 6, 7).  Petitioner stated that earlier in the week he met with Antoine Lewis at the Kauai Sands Hotel and "requested Antoine to get me 2 pounds of crystal methamphetamine."  (<u>Id.</u> at ¶¶ 10, 12).

Petitioner identified Antoine Lewis to the Kauai Police Department by his picture.  (Petitioner's Identification of Antoine Lewis, attached as Ex. G to Gov't Opp., ECF No. 154-7).

Petitioner agreed to serve as an Informant for the Kauai Police Department.  Petitioner signed a Special Consent Form and agreed to assist Kauai County Police Department in its investigation.  (Special Consent Form, attached as Ex. H to

Gov't Opp., at p. 4, ECF No. 154-8).  Petitioner completed and
signed a Kauai Police Department Confidential Questionaire
necessary for a cooperating person.  (Confidential
Questionaire, attached as Ex. H to Gov't Opp., at p. 3, ECF
No. 154-8).

There is no basis to find that Attorney Kau's decision
not to file a motion to suppress fell below an objectively
reasonable standard.  Premo v. Moore, 562 U.S. 115, 124 (2011)
(citing Kimmelman v. Morrison, 477 U.S. 365, 382 (1986));
see United States v. Avila-Aquilar, 2013 WL 1716403, *4 (D.
Or. Apr. 18, 2013) (finding that the counsel's reasonable
belief that there was no basis to file a motion to suppress
did not fall below the objective standard required by
Strickland).

## C. Attorney Kau Adequately Investigated Witnesses Before Trial

Petitioner argues that Attorney Kau failed to investigate
witnesses before trial.  (Section 2255 at p. 5, ECF No. 145).
Specifically, Petitioner asserts that Liann Huddy was never
contacted or interviewed by Attorney Kau prior to trial.
(Id.)

Trial counsel are not obligated to investigate all
possible defense witnesses.  United States v. Cohen, 2016 WL

20

6393487, *12 (N.D. Cal. Oct. 28, 2016). Counsel need not pursue an investigation that would be fruitless or might be harmful to the defense. <u>Harrington v. Richter</u>, 562 U.S. 86, 108 (2011).

Attorney Kau provided a Declaration that explained that she did investigate the possibility of Liann Huddy testifying at trial. (Declaration of Megan Kau at ¶¶ 24-25, 45, attached as Ex. A to Gov't Opp, ECF No. 154-1). Attorney Kau consulted with Petitioner about the possibility of having Liann Huddy testify at trial. (<u>Id.</u>)

Attorney Kau stated that she understood from the discovery evidence that Liann Huddy was selling drugs for Antoine Lewis and involved in a separate conspiracy that did not include Petitioner. (<u>Id.</u> at ¶ 24). Attorney Kau discussed Liann Huddy's possible testimony with Petitioner. Attorney Kau states that Petitioner "informed me that he did not want her to testify because it would only hurt [his] case." (<u>Id.</u> at ¶ 25).

Liann Huddy's credibility would be in question as she was involved in a separate conspiracy with Antoine Lewis and Petitioner's mother, Deborah Zmuda. Huddy pled guilty to conspiracy to possess with intent to distribute methamphetamine and possession with intent to distribute

21

methamphetamine in Cr. No. 12-00381HG-03. Petitioner's mother and Antoine Lewis also pled guilty in the same case. Huddy was sentenced to a term of imprisonment of twelve months and one day. (Amended Judgment in 12-cr-00381HG-03, ECF No. 135).

Attorney Kau was not required to interview Liann Huddy before trial. It was within her reasonable professional judgment not to pursue an investigation into using Huddy as a witness when Petitioner had told her that he did not want Huddy to testify. Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam). Attorney Kau was reasonable in believing Huddy's testimony might be harmful to her client's case. Harrington, 562 U.S. at 108.

Petitioner now provides a statement from Liann Huddy in which she says she would have testified at his trial that Petitioner was not part of a conspiracy with Lewis or anyone else. (Affidavit of Liann Huddy, attached as Ex. A to Petitioner's Response, ECF No. 156-1).

Petitioner has not demonstrated that there is a reasonable probability that Huddy's testimony would have resulted in a different outcome to Petitioner's trial. There is overwhelming evidence in the record of Petitioner's guilt. The Government's evidence included Petitioner's agreement to cooperate with the Kauai Police Department, Petitioner's

22

signed confession, the evidence of drug trafficking found in Petitioner's residence pursuant to a search warrant, the evidence of mailed parcels containing methamphetamine to Petitioner, and the testimony of cooperating informants Antoine Lewis and Ronald Nakazawa.

Prejudice is found where there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. The likelihood of a different result must be substantial and not just conceivable. Harrington, 562 U.S. at 112.

In addition, the Government introduced evidence of text messages between Petitioner and Antoine Lewis about selling methamphetamine and heroin. (Summary of Text Messages attached as Ex. D to Gov't Opp., ECF No. 154-4). The text messages discussed providing methamphetamine to Petitioner's mother, Deborah Zmuda. (Id.) Deborah Zmuda had already been convicted for conspiracy to distribute methamphetamine with Antoine Lewis and Liann Huddy at the time of the trial. (See Cr. No. 12-00381HG-01). There was evidence that Deborah Zmuda had identified Antoine Lewis as the source of her

methamphetamine to federal authorities. (Statement by Deborah Zmuda attached as Ex. C to Gov't Opp., ECF No. 154-3).

Antoine Lewis testified against Petitioner and identified him as his conspirator. (Trial Transcript from January 8, 2014, at pp. 7-16, ECF No. 105). In Petitioner's confession, he identified Antoine Lewis as his conspirator as well. (Petitioner's Identification of Antoine Lewis, attached as Ex. G to Gov't Opp., ECF No. 154-7). Lewis testified that he mailed a package to Petitioner containing methamphetamine and testified that he also provided methamphetamine to Petitioner's mother, Deborah Zmuda. (Trial Transcript from January 8, 2014, at pp. 7-16, ECF No. 105).

Huddy's recent statement about what she would have testified to would not have altered the outcome of the trial. There was overwhelming evidence of Petitioner's guilt put forward by the Government. United States v. James, 2 Fed. Appx. 814, 816 (9th Cir. 2001) (finding that defense counsel's failure to call witnesses at trial did not prejudice the defendant in light of the overwhelming evidence of guilt presented at trial).

Overall, there was no evidence of error in Attorney Kau's pre-trial efforts. Attorney Kau properly prepared for trial.

Attorney Kau filed numerous pre-trial motions and successfully excluded some of the Government's evidence against Petitioner.

## 2. Attorney Kau Adequately Represented Petitioner At Trial

Petitioner generally argues that Attorney Kau did not properly object to the Government's evidence and arguments at trial. Petitioner has not specified what evidence or arguments he believes required objection. Petitioner's general, conclusory complaints as to Attorney Kau's performance at trial are not a basis for habeas corpus relief. James, 24 F.3d at 26.

Petitioner raises a few specific issues regarding Attorney Kau's efforts during trial. He claims that Attorney Kau did not properly cross-examine witnesses. Petitioner argues that Attorney Kau did not give a competent closing argument. Petitioner argues that Attorney Kau should have called his mother, Deborah Zmuda, to testify. Finally, Petitioner claims that Attorney Kau "failed to present exculpatory evidence, exhibits were denied for lack of following rules of evidence." (Section 2255 Motion at p. 5, ECF No. 145).

### A. Attorney Kau Properly Cross-Examined Witnesses

The record reflects that Attorney Kau cross-examined all of the Government's witnesses. (Transcript of Jury Trial Day 2 on January 7, 2014 at pp. 77, 116, 144, 159, 173, 192, 211, ECF No. 134; Transcript of Jury Trial Day 3 on January 8, 2014 at pp. 14, 37, 44, 57, 77, 93, 110, 124, 138, 185, ECF No. 135; Jury Trial Day 4 on January 9, 2014 at pp. 19, 89, ECF No. 136).

### (1) Police Officer Cross-Examination

The Court ruled that an Order issued by a State Court judge, dated April 10, 2012, in <u>State of Hawaii v. Micheal Glenn Sullivan</u>, CR No. 10-1-0153, was admissible. It was used for the cross-examination of Kauai Police Officers Darren Rose, Arnold Cayabyab, and Ginny Pia. (Minute Order dated December 31, 2013, ECF No. 80).

Attorney Kau attempted to use the State Court Order to discredit the Officers' testimony in this case. Attorney Kau thoroughly cross-examined Kauai Police Officers Darren Rose, Arnold Cayabyab, and Ginny Pia about the April 10, 2012 State Court Order. (Transcript of Jury Trial Day 2 on January 7, 2014 at pp. 78-80, 144-51, 173-74, ECF No. 134).

Attorney Kau was able to show during her cross-examination that the affidavit of Officer Ginny Pia for the search warrant of Petitioner's residence contained inaccurate information. (Id. at pp. 127-29). Attorney Kau also attempted to raise questions concerning the credibility of the other officers. (Id. at pp. 78-87, 116-74).

**(2) Cross-Examination of Antoine Lewis**

Attorney Kau cross-examined Antoine Lewis extensively and attempted to portray him as not credible. Attorney Kau focused on benefits that Lewis could receive from the Government for his cooperation and testimony against Petitioner. (Transcript of Jury Trial Day 3 on January 8, 2014, at pp. 207-09, ECF No. 135). Attorney Kau questioned Lewis about a possible 20-year mandatory minimum sentence enhancement based on a prior drug conviction. (Id.) Lewis testified that his cooperation had led to a reduced sentence. (Id. at p. 208-09).

She also attempted to undermine Lewis' testimony based on the defense's theory that Lewis was testifying against Petitioner in order to protect his own son from indictment. (Transcript of Jury Trial Day 3 on January 8, 2014, at pp. 185-207, ECF No. 135).

The record of trial contradicts Petitioner's blanket non-specific claim that Attorney Kau failed to effectively cross-examine witnesses. Petitioner has failed to demonstrate any deficient performance by counsel in this regard.

**B.    Attorney Kau Provided A Reasonable Closing Statement**

Counsel has wide latitude in deciding how best to represent a client. Deference to counsel's tactical decisions in her closing presentation is particularly important given the broad range of legitimate defense strategy available. Yarborough, 540 U.S. at 4. Judicial review of a defense attorney's closing is "highly deferential and doubly deferential when it is conducted through the lens of federal habeas." Id.

The record demonstrates that Attorney Kau presented an objectively reasonable closing argument. Attorney Kau prepared her closing argument in advance. She presented her closing argument accompanied by a demonstrative aid to help the jury follow the defense's theory of the case. (Transcript of Jury Trial Day 5 on January 10, 2014, at pp. 21, ECF No. 137).

Attorney Kau attempted to point out weaknesses in the Government's case and to raise doubts as to the credibility of

the Government's witnesses. (Transcript of Jury Trial Day 5 on January 10, 2014, at pp. 58-67, ECF No. 137). Attorney Kau's closing argument was reasonable given the overwhelming evidence of Defendant's guilt presented a trial. Attorney Kau's efforts during closing argument are not a basis for relief.

### C. Attorney Kau Properly Declined To Call Deborah Zmuda To Testify At Trial

Deference is given to trial counsel concerning which witnesses to call on the defendant's behalf. <u>Strickland</u>, 466 U.S. at 691. Mere disagreement with trial counsel's tactical decisions cannot form a basis for a claim of ineffective assistance of counsel. <u>Wildman v. Johnson</u>, 261 F.3d 832, 839 (9th Cir. 2001).

Petitioner argues that his mother, Deborah Zmuda, should have been called to testify.

Deborah Zmuda was incarcerated at the time of Petitioner's trial. She had been convicted and sentenced for a drug conspiracy involving Antoine Lewis in Cr. No. 12-00381HG-01. Attorney Kau contemplated having Deborah Zmuda testify in support of Petitioner. (Declaration of Megan Kau at ¶¶ 17-19, attached as Ex. A to Gov't Opp., ECF No. 154-1).

29

Attorney Kau made considerable effort in preparing for the possibility that Deborah Zmuda would testify at trial. On December 13, 2013, Attorney Kau filed an Ex Parte Motion for Application for Writ of Habeas Corpus Ad Testificandum to have Deborah Zmuda transported from the continental United States to the Honolulu Federal Detention Center. (Motion for Writ, ECF No. 61). On December 16, 2013, the Motion for Writ was granted. (ECF No. 64).

On January 3, 2014, Attorney Kau met with Deborah Zmuda at the Honolulu Federal Detention Center to discuss the possibility of her testifying. (Declaration of Megan Kau at ¶ 18, ECF No. 154-1). Attorney Kau spoke with Deborah Zmuda and informed her that she would be subject to cross-examination if she testified. (Id. at ¶ 21). On January 6, 2014, Attorney Kau met with Deborah Zmuda a second time. (Id. at ¶ 20). Deborah Zmuda informed Attorney Kau that she was worried about cross-examination. (Id.) Attorny Kau discussed the matter with Petitioner. (Id. at ¶ 22). Petitioner agreed that his mother should not be called to testify. (Id.)

On the fourth day of trial, on January 9, 2014, the Court enquired of Attorney Kau if Deborah Zmuda would be testifying. Attorney Kau stated, "After discussing his options, we have decided not to call Deborah Zmuda." (Transcript of Jury Trial

Day 4 on January 9, 2014, at p. 47, ECF No. 136). Petitioner
was at counsel table when Attorney Kau made the statement to
the Court. Petitioner did not object.

Petitioner submitted a recent affidavit from his mother.
(Affidavit of Deborah Zmuda, attached as Ex. B to Petitioner's
Response, ECF No. 156-2). In the affidavit, Deborah Zmuda
states that she would have testified in support of Petitioner.
(Id.)

The decision at trial not to call Petitioner's mother was
sound under the circumstances. Deborah Zmuda's credibility
was at issue. Courts have routinely recognized that
exculpatory testimony from a criminal defendant's family is
subject to attack based on the inherent bias of the testifying
family member. Bergman v. McCaughtry, 65 F.3d 1372, 1380 (7th
Cir. 1995); Romero v. Tansy, 46 F.3d 1024, 1030 (10th Cir.
1995). Deborah Zmuda's testimony may have also been deemed
not credible given her criminal history, involvement in a
criminal conspiracy with Antoine Lewis, history of drug
addiction, and her current incarceration.

Attorney Kau's decision not to call Deborah Zmuda as a
witness is not a basis for habeas relief.

**D.    The Omission Of Trial Exhibit 32 Into Evidence
Did Not Prejudice Petitioner**

Petitioner argues that Attorney Kau "failed to present exculpatory evidence, exhibits were denied for lack of following rules of evidence." (Section 2255 at p. 5, ECF No. 145).

Construing Petitioner's Motion liberally, the Court believes Petitioner is referencing Attorney Kau not having moved Trial Exhibit 32 into evidence.

Trial Exhibit 32 consisted of a download from Antoine Lewis' Blackberry of all information on the phone.  It included data, text messages, and telephone calls. (Transcript of Jury Trial Day 3 on January 8, 2014 at pp. 5-10, ECF No. 135).  Special Agent William DiTuro testified that he was trained to conduct an accurate download from the Blackberry telephone onto a compact disc.  (Id.)  He testified that he conducted such a download and placed it on a disc that was identified as Trial Exhibit 32.  Trial Exhibit 32 was not moved into evidence.

The Government obtained the AT&T telephone billing records for Petitioner Zmuda's phone.  (Id. at pp. 62-65). David Nagai, a custodian of records from AT&T testified that Trial Exhibit 33A was a written summary report of calls, text

messages, and data usage for Petitioner Zmuda's phone.  (Id. at p. 63).  Nagai identified Trial Exhibit 33 as a compact disc that contained all of the information from Trial Exhibit 33A, only in an electronic format, and he said it was a true and accurate copy of the billing records of the telephone belonging to Petitioner Zmuda.  (Id. at pp. 62-66).

Task Force Officer Darren Lee compared Petitioner Zmuda's telephone records from Trial Exhibits 33 and 33A with the Trial Exhibit 32 information from Lewis' Blackberry.  Officer Lee explained the matching of messages between Lewis and Petitioner Zmuda's phones.  He created Trial Exhibit 34, which contained the texts involving the drug trafficking charges. (Id. at pp. 82-83; see copy of Trial Exhibit 34 attached as Ex. D to Gov't Opp., ECF No. 154-4).

Officer Lee testified that he created Trial Exhibit 34 in order to reduce the volume of information contained in Trial Exhibits 32 and 33.  The point of Trial Exhibit 34 was to isolate the relevant information between Lewis and Petitioner. (Transcript of Jury Trial Day 3 on January 8, 2014 at p. 83, ECF No. 135).

Trial Exhibit 34 was admitted into evidence.  (Id. at p. 84).  The Court, in order to clarify the record, noted that Trial Exhibit 34 was a summary of what the Government believed

were the important messages. The Court questioned Officer Lee
to ensure that he did not "edit any of the information as far
as changing any of the information." (<u>Id.</u> at 85). Officer
Lee testified that the information in Trial Exhibit 34 was
accurate with regard to the communications that he identified
and thought were important in this case. (<u>Id.</u>)

Antoine Lewis testified that the text messages contained
in Trial Exhibit 34 were communications between himself and
Petitioner. (<u>Id.</u> at p. 168). He identified particular
messages where he communicated with Petitioner about pounds of
methamphetamine, the pricing for methamphetamine, and several
messages about purchasing heroin. (<u>Id.</u> at pp. 167-74).

The record reflects that Attorney Kau had considered
submitting the entirety of the downloaded information from
Antoine Lewis' Blackberry identified as Trial Exhibit 32,
rather than relying on the Government's summary admitted as
Trial Exhibit 34. Trial Exhibit 32, however, consisted of
1,800 pages. The 1,800 pages of information downloaded from
Antoine Lewis' Blackberry was not moved into evidence by the
Government. (Transcript of Jury Trial Day 5 on January 10,
2014 at pp. 22-39, ECF No. 137). Nor did Attorney Kau move
Trial Exhibit 32 into evidence.

In his Motion, Petitioner seems to argue that there was information in Trial Exhibit 32 that was beneficial to him. Petitioner has not demonstrated that there is a reasonable probability that had Trial Exhibit 32 being admitted into evidence it would have resulted in a different outcome. The Court ruled at trial that Exhibit 32 contained a large quantity of undecipherable information that was largely irrelevant. The exhibit consisted of "setup and phone calls, incoming, outgoing, deleted. It's text messages coming and going, outgoing combined. It's contacts. So it's 1800 pages' worth of information." (Id. at p. 32). The Court allowed Attorney Kau to discuss during her closing arguments the text messages that were received into evidence and identified by the Government and its witnesses during trial. (Id. at p. 33). The Court did not allow Attorney Kau to reference text messages that were not admitted. (Id.)

The Ninth Circuit Court of Appeals considered Petitioner's argument concerning Trial Exhibit 32 on direct appeal. The appellate court determined that "[g]iven the current record, Zmuda has failed to satisfy the requisite prejudice showing under *Strickland v. Washington*, 466 U.S. 668, 694 (1984)('The defendant must show that there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different.')." <u>United States v. Zmuda</u>, 619 Fed. Appx. 673, 674 (9th Cir. 2015).  The appellate court agreed that there was "overwhelming evidence presented against Zmuda, which included a signed confession."  <u>Id.</u>

Petitioner has not provided any additional evidence in support of his Section 2255 Motion that would alter the analysis.  There was no prejudice to the Petitioner based on the alleged error of Attorney Kau not moving for admission of Trial Exhibit 32.

Petitioner has not demonstrated that the failure to introduce the entirety of the information from Antoine Lewis' Blackberry, identified as Trial Exhibit 32, is a basis for habeas relief.  <u>See</u> <u>United States v. Jamal</u>, 2011 WL 486098, *2 (D. Ariz. Feb. 7, 2011) (finding no ineffective assistance of counsel for failure to move summaries into evidence where there was overwhelming evidence of petitioner's guilt and the petitioner did not point to any specific exculpatory evidence in the summaries but merely speculated).

### 3.   Attorney Kau Properly Informed Petitioner Regarding His Right To Remain Silent

Every criminal defendant has the right to testify in his own defense, or to refuse to do so.  <u>Rock v. Arkansas</u>, 483

U.S. 44, 51-52 (1987) (citing <u>Harris v. New York</u>, 401 U.S. 222, 225 (1971)).  A defendant's right to testify is personal and it may be relinquished only by the defendant.  <u>United States v. Gillenwater</u>, 717 F.3d 1070, 1080 (9th Cir. 2013).  The ultimate decision whether to testify rests with the defendant.  <u>United States v. Joelson</u>, 7 F.3d 174, 177 (9th Cir. 1993).

Petitioner Zmuda argues that Attorney Kau "gave errouneous [sic] advice on right to silence or to testify leading to detrimental outcome."  (Section 2255 Motion at p. 5, ECF No. 145).

The record demonstrates that Petitioner Zmuda was properly advised of his right to testify in his own defense or to refuse to do so.  Attorney Kau provided a declaration that explained that she "advised [Petitioner] that he had a right to remain silent and not to testify against himself; and that if he chose not to testify that the jury would be instructed not to hold it against him.  I also advised that he also had a right to testify on his own behalf; and that if he chose to do so, he would be subject to cross-examination and that his credibility would be assessed by the jury just like every other witness."  (Declaration of Megan Kau at ¶¶ 7-8, attached as Ex. A to Gov't Opp., ECF No. 154-1).

Attorney Kau informed Petitioner of his right to testify or to refuse to testify on at least three occasions. (<u>Id.</u> at ¶ 10-15). On January 3, 2014, Attorney Kau met with Petitioner and brought along Petitioner's former attorney, Christian Enright, who had served as counsel for Petitioner in state court proceedings. (<u>Id.</u> at ¶¶ 12, 13). Attorney Kau believed that Petitioner trusted Enright based on their attorney-client relationship. (<u>Id.</u> at ¶ 12).

At the meeting, Enright also informed Petitioner of his right to remain silent and his right to testify at trial. (Declaration of Christian Enright at ¶¶ 5-7, attached as Ex. B to Gov't Opp., ECF No. 154-2).

On January 9, 2014, the Court conducted a detailed inquiry of Petitioner to ensure that he was aware of his right to remain silent and was making a known and voluntary decision to testify. (Transcript of Jury Trial Day 4 on January 9, 2014 at pp. 47-51, ECF No. 136). The Court enquired, as follows:

> Atty Kau:   Matt Zmuda will be testifying or intends on testifying.
>
> Court:   Okay. Mr. Zmuda, please stand.
>
>    Now, Mr. Zmuda, we've got jury instructions that go to the jury, and earlier when you were listening to us pick a jury, we talked about the fact that you are not required to put on any evidence. You do not have to do anything to

prove your innocence.  And if you chose not to
take the stand, no one could draw any inference
from the fact that you did not take the stand.
And that is because you have a right to make
that choice.  And the court is now going to
inquire about that decision, but I want you to
be clear that no one can make any reference to
the fact if you choose not to take the stand.
It is not something that can be relied on for
any inference with respect to that choice.  You
have that right.
And I know that you have been talking about this
with Miss Kau; correct?

Zmuda:      Yes, ma'am.

Court:      And Miss Kau is an experienced defense attorney,
and she can give you advice with respect to what
she thinks is the best thing to do, whether you
should do it or you shouldn't do it, but this is
your choice.  You are the person who has to make
this decision.

            Now, I do want to say that I have considered
what Mr. Roberts has put forward with respect to
the telephone calls, and I do not – I am not
going to permit them.  You're not going to be
cross-examined with respect to the telephone
calls.  They happened, you know, a couple days
ago.  And from what – the offer of proof, I do
not see it as conclusive as an admission, and I
think that it could be confusing to the jury,
and I am not going to be allowing that.  And so
I don't want that to enter – that isn't
something you need to worry about in terms of
deciding to testify.  But I do want to point out
that there are other matters that you can be
cross-examined about.

Zmuda:      Yes, Your Honor.

Court:      And you have to respond in the sense that I
can't – I've ruled that the conviction – there
are two convictions with respect to prior drug
paraphernalia that have – that have been
documented.  And while one is subsequent, you

did plead guilty, and the fact that you pled guilty is something that I believe can be used by the government. So they will be able to ask you about that. And if you don't take the stand, then that will not come to the attention of the jury.

Zmuda:     Yes, Your Honor.

Court:     Now, have you thought about the fact that you will be cross-examined by the government?

Zmuda:     Yes, Your Honor.

Court:     And have you thought about the fact that they do have this ability to bring in these two other drug convictions?

Zmuda:     Yes, Your Honor.

Court:     Okay. Do you want to talk with your attorney about the fact that there isn't going to be the telephone evidence, or is that something you don't need to discuss?

Zmuda:     No. No, Your Honor.

Court:     Do you want to discuss it with him?

Kau:       Me or him?

Court:     I'm asking him.

Kau:       Oh, do you want –

Zmuda:     If there's going to be – I don't understand the question.

Court:     Before you make your decision – when you stood up, you didn't know that I wasn't going to let in the telephone evidence. You understand that now.

Zmuda:     Yes, Your Honor.

Court:      Do you need to talk about that further with your
            attorney?

Zmuda:      No, Your Honor.

Court:      Do you have any questions, Mr. Zmuda?

Zmuda:      No, Your Honor.

Court:      Okay.  You understand that you have the right
            not to testify?

Zmuda:      Yes, Your Honor.

Court:      And no inference can be drawn from that in any
            way?

Zmuda:      Yes.

Court:      You understand that?

Zmuda:      Yes, Your Honor.

Court:      And you understand that while your attorney is
            an experienced attorney, this choice is yours?

Zmuda:      Yes, Your Honor.

Court:      And you understand that you'll be subjecting
            yourself to cross-examination, and while all the
            government will be able to do is say that there
            were convictions, they will not be able to go
            into any details or anything else about it.
            They still will be able to point out – to ask
            you about that.  You understand?

            So are you – have you made a decision as to
            whether or not you wish to testify?

Zmuda:      Yes, Your Honor.

Court:      And what is that decision?

Zmuda:      I wish to testify.

(Transcript of Jury Trial Day 4 on January 9, 2014 at pp. 47-51, ECF No. 136).

It is beyond dispute that Petitioner was advised of his right to remain silent and his right to testify in his own defense. There is no basis for Petitioner's claim that Attorney Kau provided erroneous advice regarding his right to testify or remain silent. See Drye v. United States, Civ. No. 12-00355JMS; Cr. No. 10-00824JMS-01, 2012 WL 4048996, *6 (D. Haw. Sept. 12, 2012) (finding no ineffective assistance of counsel where attorney properly advised defendant as to his right to remain silent or to testify in his own defense).

An evidentiary hearing is not required if a prisoner's allegations, "when viewed against the record, do not state a claim for relief." United States v. Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003). The record conclusively shows that Petitioner's claim lacks merit. An evidentiary hearing is not necessary in this case. Id.; see United States v. Espinoza, 866 F.2d 1067, 1069 (9th Cir. 1988).

Petitioner's MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (ECF No. 145) is **DENIED**.

**IV.  Petitioner Is Not Entitled To A Certificate Of
     Appealability**

The Antiterrorism and Effective Death Penalty Act
("AEDPA") of 1996 provides that a Certificate of Appealability
may be issued in a habeas corpus proceeding "only if the
applicant has made a substantial showing of the denial of a
constitutional right."  28 U.S.C. § 2253(c)(2).

A "substantial" showing requires a prisoner to show that
"reasonable jurists could debate whether ... the petition
should have been resolved in a different manner or that the
issues presented were adequate to deserve encouragement to
proceed further."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84
(2000).

Petitioner Zmuda's Section 2255 Motion has not made a
substantial showing that Petitioner was deprived of a
constitutional right.  Petitioner's arguments are not
supported by the record and applicable law.  Reasonable
jurists would not debate the Court's conclusion, and there is
no reason to encourage further proceedings.

A Certificate of Appealability is **DENIED.**

## CONCLUSION

Petitioner Matthew Zmuda's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 145) is **DENIED.**

A Certificate of Appealability is **DENIED.**

IT IS SO ORDERED.

DATED: July 28, 2017, Honolulu, Hawaii.

Helen Gillmor
United States District Judge